## MATHENA *v.* LOSEY.

[No. 13,561.   Filed February 21, 1929.]

*William E. Deupree, William Featherngill* and *Ivory J. Drybread,* for appellant.

*Clarence Long, John P. Wright* and *James M. Jones,* for appellee.

McMAHAN, P. J.—Appellee filed a claim with the board of commissioners of Johnson county for salary as deputy sheriff from April 16, to May 31, 1927, under an appointment claimed to have been made by the sheriff pursuant to §11620 Burns 1926, Acts 1921 p. 750, ch. 255. Appellant, as taxpayer, contested the claim, and from an allowance appealed to the circuit court.

The court found the facts specially and concluded as a matter of law that appellee was entitled to recover $102.66, and judgment was rendered for that amount, hence this appeal. Appellant's main contentions are that the decision of the court is not sustained by sufficient evidence and that the court erred in excluding certain evidence.

The undisputed evidence shows that the board of commissioners met in special session April 16, 1927, and adopted a resolution declaring that, on account of the need of more properly conserving the peace, repressing, preventing and detecting crime, apprehending criminals and promoting the public safety, an emergency had arisen requiring the appointment of a deputy sheriff, and authorizing the sheriff to appoint a deputy, at a salary of $70 per month, such appointment to continue until, in the opinion of the board, the emergency had ceased. On April 27, 1927, appellee filed his verified claim in the auditor's office for services rendered in April, the amount of the claim being $32.66. On June 1, 1927, he filed a like claim for services as deputy sheriff for May. Appellee was first appointed deputy sheriff in January, 1926, at which time he moved into the county jail, and he continued to reside there from that time, and was residing there October 20, 1927, when this

cause was tried and the judgment herein rendered. There is evidence to sustain a finding that he resigned as deputy sheriff a week or two before April 16, 1927, and that, on said last-named day, the sheriff, without any writing to that effect, reappointed him deputy sheriff. From his appointment in January, 1926, to the time of his resignation in April, 1927, the sheriff paid appellee a salary for his services as deputy sheriff, the amount of such salary not being disclosed by the evidence. Appellee was also riding bailiff for the circuit court, and at the September 1926 term of such court, he was allowed $213 for services as riding bailiff for seventy-one days. At the December 1926 term of the same court, he was allowed $285 for services as riding bailiff, and at the March term, 1927, he was allowed $195 for his services as riding bailiff. The total so allowed, being $693, was paid to appellee by county warrants issued to him by the county auditor, and was for 231 days' services as riding bailiff until some time in May, 1927.

The evidence does not disclose the amount of the salary paid appellee by the sheriff. Nor does it show whether he continued to receive any salary from the sheriff during the time that intervened between the resignation in April and the date of his last appointment, nor does it show whether the sheriff continued to pay him a salary after the appointment in April, the court having sustained appellee's objections to questions seeking to elicit that information. Neither does the record show whether appellee continued to act as riding bailiff after the March term of the circuit court and to receive pay therefor. There is no written evidence of or any record showing that appellee resigned as deputy sheriff in April, 1927, nor is there any writing or record showing his reappointment. Neither is there any evidence that he took an oath of office after the second appointment.

The court failed to find the facts concerning appel-

lee's first appointment, his residence in the county jail, his appointment and receipt of pay as riding bailiff at the time of his appointment in April, 1927, and of his continuing to act and to draw his pay as such bailiff after that appointment. The facts as disclosed by the evidence upon these questions should have been stated in the special finding. And, in this connection, in view of the fact that there was no written evidence of appellee's second appointment and no showing that he ever qualified under that appointment by taking an oath of which there is any record, his continuing thereafter to reside in the county jail, and to act as, and to draw compensation for acting, as riding bailiff, the court should have allowed appellant to show whether the sheriff thereafter continued to pay him any salary, and, if so, the amount in comparison with the salary paid prior to April, 1927.

Section 11620, *supra*, provides that, for the purpose of promoting the public safety, conserving the peace, detecting crime and apprehending criminals, the board of commissioners of any county shall have authority to provide compensation and necessary expenses for any number of deputy sheriffs, "which may, in any emergency, be required for such purposes," such deputies to be selected and appointed by the sheriffs, subject only to the approval of the commissioners as to the number to be appointed. The salaries of such deputy sheriffs shall be fixed by the commissioners, who are required to pay "such salaries, together with all traveling expenses, transportation expenses," etc., out of the general fund of the county without any specific appropriation therefor. And when "such emergency shall have ceased to exist," the commissioners may reduce the number of such deputies as the circumstances may require in the interest of public safety, as is required for the public welfare. This statute is intended

to provide for the appointment of extra deputies and assistants by a sheriff in case an emergency arises and public safety requires such extra help. It does not give, and was not intended to give, the county commissioners authority to add to or increase the salary of any sheriff or deputy sheriff. Its purpose is to increase man power when an emergency arises, and not salaries. It is not a compensation law, and when a person accepts an appointment from the sheriff as a deputy or assistant under its provisions, his salary and compensation, in so far as the county is concerned, is limited to the amount fixed by the commissioners in the resolution giving the sheriff authority to appoint. Such appointments are emergency appointments. Without entering into an extended discussion of the subject of appellee's duties as riding bailiff, and as deputy sheriff under an appointment under this emergency statute, they are so inconsistent that he cannot serve both masters at the same time, nor is he entitled to draw pay from the county as riding bailiff and also as an emergency deputy sheriff.

We hold the decision of the court is not sustained by the evidence, and that the court erred in refusing to allow appellant the right to introduce evidence as to the amount of salary paid by the sheriff to appellee, both before and after April, 1927. Other questions have been discussed, but they probably will not arise upon another trial, and therefore are not considered.

Judgment reversed, with direction to sustain the motion for a new trial.